UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUGO L. ORANTES                          :
4218 Bel Pre Road                        :
Rockville, MD  20853                     :
                                         :
        Plaintiff,                       :
                                         :
v.                                       :     Civil Action No. _____
                                         :
CENTRAL PARKING SYSTEM OF                :     (Jury Demanded)
VIRGINIA, INC.                           :
d/b/a CENTRAL PARKING SYSTEM             :
1225 I Street., N.W.                     :
Washington, D.C. 20005                   :
                                         :
Serve:                                   :
Registered Agent                         :
Corporation Service Company              :
1090 Vermont Ave., N.W.                  :
Washington, D.C. 20005                   :
                                         :
        Defendant.                       :

## COMPLAINT FOR FAILURE TO PAY OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### Parties

COMES NOW the Plaintiff, Hugo L. Orantes, through his attorney, Nils G. Peterson, and for their Complaint against the Defendant, Central Parking System of Virginia, Inc. ("Central"), alleges as follows:

1.   Plaintiff Hugo L. Orantes is a resident of the State of Maryland.  Defendant employed Plaintiff in the District of Columbia.

2.   Defendant Central is a Tennessee corporation registered to do business in the District of Columbia and has done business in the District of Columbia during all times material hereto.

### Jurisdiction

3.   Jurisdiction of this action is conferred on this Court by

§16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), (the "Act" or "FLSA").

## Statement of Facts

4.   At all times hereinafter mentioned, Defendant was engaged in the provision of parking services in the District of Columbia. The provision of such parking services directly affects interstate commerce and Defendant's employees are engaged in such interstate commerce.  During the course of his employment Plaintiff affected interstate commerce by their actions.

5.   From prior to 2001 through April 2006, Defendant employed Plaintiff as a parking attendant.

6.   Plaintiff's positions was non-exempt under the FLSA.

7.   Plaintiff was required to work hours over 40 per week. During 2003, 2004, 2005 and 2006 Plaintiff was not paid proper overtime for the work time spent over 40 hours.

8.   On information and belief, Plaintiff worked weeks of over forty hours.

9.   Defendant and executives employed by Defendant were aware that Plaintiff regularly performed such extra work and Defendant required this extra work as a condition of continued employment.

10.  Defendants condoned and benefitted from the performance of such extra work time over 40 hours per week.

11.  Plaintiff was not properly compensated by Defendant for the hours over forty per week he worked during the period of his employment.

12.  Upon information and belief, Defendant knew of its duty

and obligation to pay proper overtime wages for the hours worked in excess of 40 hours per work week, and Defendant knowingly failed and refused to follow the lawful requirements. Defendant's acts and omissions constitute wilful violations which entitle Plaintiff to liquidated damages for knowing violations.

13. During said time period, Plaintiff was not paid proper overtime for all hours worked in excess of 40 hours each work week, in wilful violation of §7 of the Act, 29 U.S.C. §207.

14. As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff has suffered damages since he have not received proper overtime. Plaintiff further seeks liquidated damages equal to the wages due but not paid as a result of Defendant's wilful failure to pay overtime in violation of §7 of the Act, 29 U.S.C. §207.

WHEREFORE, Plaintiff pray that this Honorable Court grant judgment against the Defendant on the basis of Defendant's wilful violation of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., and award Plaintiff (1) compensatory damages, (2) an equal amount in liquidated damages, (3) reasonable attorneys' fees and costs of suit and (4) such other and further relief as this Court deems equitable and just.

JURY DEMANDED

Plaintiff hereby demands a jury on all issues triable by a jury.

Hugo L. Orantes
By Counsel

_____
Nils G. Peterson
DC Bar No. 295261
2009 N. 14th Street, Suite 708
Arlington, VA   22201
703-527-9900

4