**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HUGO L. ORANTES, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CENTRAL PARKING SYSTEM OF )<br>VIRGINIA, INC. )<br>d/b/a CENTRAL PARKING SYSTEM, )<br>)<br>    Defendant. )<br>) | Case No. 1:06-CV-00899-EGS |

## DEFENDANT'S ANSWER

Defendant, Central Parking System of Virginia, Inc., through its undersigned counsel, hereby files its Answer to Plaintiff's Complaint. Defendant denies that it acted unlawfully and denies that Plaintiff is entitled to any of the relief requested.

### Parties

1. Answering the first sentence of paragraph 1, Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the first sentence of paragraph 1. Defendant admits the second sentence of paragraph 1.

2. Answering paragraph 2, Defendant denies it is incorporated in Tennessee. Defendant avers that it is incorporated in the District of Columbia.

### Jurisdiction

3. Answering paragraph 3, Defendant states that paragraph 3 alleges a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of paragraph 3.

## Statement of Facts

4.  Answering the first sentence of paragraph 4, Defendant admits that, during the years 2003, 2004, 2005 and 2006 it "engaged in the provision of parking services" in the District of Columbia, to the extent it understands this allegation. Answering the second and third sentences of paragraph 4, Defendant states that these sentences allege legal conclusions to which no response is required. Except as expressly admitted, Defendant denies the allegations of paragraph 4.

5.  Answering paragraph 5 of the Complaint, Defendant admits that it employed Plaintiff from prior to 2001 through April 2006. Except as expressly admitted, Defendant denies the allegations of paragraph 5.

6.  Answering paragraph 6, Defendant states that paragraph 6 alleges a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of paragraph 6.

7.  Answering the first sentence of paragraph 7, Defendant denies the first sentence of paragraph 7 as stated. On some occasions, Plaintiff may have worked in excess of 40 hours per week and was properly compensated for such hours. Answering the second sentence of paragraph 7, Defendant denies the second sentence of paragraph 7. Except as expressly admitted, Defendant denies the allegations of paragraph 7.

8.  Answering paragraph 8, Defendant denies paragraph 8 as stated. On some occasions, Plaintiff may have worked in excess of 40 hours per work and was properly compensated for such hours. Except as expressly admitted, Defendant denies the allegations of paragraph 8.

9. Answering paragraph 9, Defendant denies paragraph 9 as stated. On some occasions, Plaintiff may have worked in excess of 40 hours per work and was properly compensated for such hours. Except as expressly admitted, Defendant denies the allegations of paragraph 9.

10. Answering paragraph 10, Defendant denies paragraph 10 as stated. On some occasions, Plaintiff may have worked in excess of 40 hours per work and was properly compensated for such hours. Except as expressly admitted, Defendant denies the allegations of paragraph 10.

11. Answering paragraph 11, Defendant denies the allegations of paragraph 11.

12. Answering paragraph 12, the allegations of paragraph 12 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of paragraph 12. Defendant admits that it complies with the federal Fair Labor Standards Act. Except as expressly admitted, Defendant denies the allegations of paragraph 12.

13. Answering paragraph 13, Defendant denies the allegations of paragraph 13.

14. Answering the first sentence of paragraph 14, Defendant denies the allegations of the first sentence of paragraph 14. Answering the second sentence of paragraph 14, Defendant admits that Plaintiff seeks liquidated damages, but denies that Plaintiff is entitled to liquidated damages. Except as expressly admitted, Defendant denies the allegations of paragraph 14.

15. Defendant denies that Plaintiff is entitled to judgment or any relief or damages requested, including the relief and damages requested in the "Wherefore" clause on page 3 of the Complaint. Defendant denies the allegations of the "Wherefore" clause on page 3 of the Complaint.

DC1 30167889.1

**JURY DEMANDED**

16. Answering the separately titled Jury Demand portion of the Complaint, Plaintiff's jury demand does not require a response. To the extent a response is deemed required, Defendant denies the allegations of the jury demand and denies that Plaintiff is entitled to a jury trial on all items of relief requested.

17. All allegations not heretofore admitted or denied are specifically and fully denied.

**AFFIRMATIVE DEFENSES**

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims, or some of them, are barred by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and promptly correct any failure to pay wages/overtime; furthermore Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to prevent harm otherwise.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff was not paid overtime to which he was entitled, Defendant did not know Plaintiff was working overtime and Defendant did not willfully fail to pay Plaintiff overtime.

DC1 30167889.1

Further, Plaintiff's claims are barred to the extent he seeks compensation for overtime earned more than two years prior to the filing of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's own conduct, omissions and/or negligence bars his recovery.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Defendant for liquidated damages is barred because Defendant acted in good faith and/or had reasonable grounds for believing that its conduct was not violative of the Fair Labor Standards Act or any other statute or other provision.

### SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff was not paid overtime for hours over forty in a workweek, Plaintiff was properly compensated because, *inter alia*, such hours did not constitute compensable time.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole and/or in part, by the doctrines of laches, estoppel, unclean hands, fraud and/or waiver.

Defendant specifically reserves the right to amend this Answer by adding additional affirmative defenses as additional investigation, discovery and circumstances may warrant.

DC1 30167889.1

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of Defendant;

2. Plaintiff take nothing by his Complaint;

3. The Court deny Plaintiff his requested relief;

4. The Court award Defendant its costs and attorneys' fees; and

5. The Court award Defendant such further relief as it deems just and proper.

        Respectfully submitted,

        CENTRAL PARKING SYSTEM OF
        VIRGINIA, INC.

        By:   /s/ David M. Burns
            David M. Burns, Bar # 466167
            SEYFARTH SHAW LLP
            815 Connecticut Avenue, N.W., Suite 500
            Washington, DC 20006-4004
            (202) 463-2400
            (202) 828-5393 (facsimile)

Dated: June 8, 2006        Attorneys for Defendant