IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUGO L. ORANTES, ) <br> ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> CENTRAL PARKING SYSTEM OF ) <br> VIRGINIA, INC. ) <br> d/b/a CENTRAL PARKING SYSTEM, ) <br> ) <br>     Defendant. ) <br> ) | Case No. 1:06-CV-00899-EGS |

## JOINT LOCAL RULE 16.3 REPORT

Pursuant to Local Rule 16.3(d) and the Court's June 13, 2006 Order, undersigned counsel hereby submit their joint written report in the above captioned case. The following constitutes the parties' positions with respect to each of the items set forth in Local Rule 16.3.

### I. Statement of the Case and Statutory Bases

**(1) Plaintiff's Statement**: Plaintiff brings this case based on failure to pay proper overtime (29 U.S.C. 201 et seq.).

**(2) Defendant's Statement**: Defendant denies that it failed to pay Plaintiff proper overtime.

### II. Local Rule 16.3(c) Matters

**(1)   Dispositive Motions**: There are no pending dispositive motions. Defendant anticipates filing a motion for summary judgment and believes that Plaintiff's claims will be dismissed as a result.

**(2)   Joinder/Amendment of Pleadings:** The parties do not anticipate joining any other parties. The parties agree that pleadings should be amended by August 31, 2006 (thirty

(30) days after the Initial Scheduling Conference). At this time, the parties are not able to agree upon or narrow any factual or legal issues in this case.

**(3)    Assignment to Magistrate Judge:** The case should not be assigned to a Magistrate Judge for all purposes.

**(4)    Possibility of Settlement:** Defendant is not yet able to assess the possibility of settlement, but will be in a better position to do so after taking discovery. Plaintiff is always willing to explore settlement.

**(5)    Alternative Dispute Resolution:** Defendant believes that ADR, if at all, would be most fruitful after the taking of at least initial discovery and prefers to revisit the question of whether this case would benefit from additional ADR at that time. Plaintiff is always willing to participate in ADR.

**(6)    Dispositive Motions:** The parties agree that final dispositive motions should be filed by January 15, 2007 (thirty-two (32) days after the close of discovery), with oppositions, cross-motions and replies due in accordance with the Rules of Civil Procedure and the Local Rules of this Court. The parties will defer to the Court regarding when the Court will decide any dispositive motions that have been filed.

**(7)    Initial Disclosures:** The parties stipulate to dispense with the initial disclosure provisions of Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**(8)    Extent of Discovery:** The parties propose December 14, 2006 (135 days after the Initial Scheduling Conference) as the deadline for conducting discovery. Other limitations on discovery shall conform to the Local Rules of this Court and the Federal Rules of Civil Procedure. Depending on the nature of the documents and information sought during discovery,

the parties may enter into a general protective order regarding confidential or proprietary documents or information produced and/or disclosed in the course of the case.

**(9)     Expert Witness Reports:**  The parties have agreed to the following schedule for expert discovery:  Plaintiff's Rule 26(a)(2) expert disclosures should be due on September 6, 2006; Defendant's Rule 26(a)(2) expert disclosures should be due on October 6, 2006 (thirty (30) days after Plaintiff's expert disclosures); the parties propose December 14, 2006 as the deadline for conducting expert discovery, including depositions.

**(10)     Class Actions:**  Not Applicable.

**(11)     Bifurcated Trial/Discovery:**  The parties agree that, at this time, neither discovery in this case nor trial should be bifurcated.

**(12)     Pretrial Conference Date:**  The parties propose that a pretrial conference be held sixty (60) days after the Court rules upon dispositive motions filed after the close of discovery, if any.  If no dispositive motions are filed, the parties propose that a pretrial conference be held ninety (90) days after the close of discovery.

**(13)     Trial Date:**  The parties agree that the trial date should be set at the pretrial conference.

**(14)** **Other Matters:** None.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| HUGO L. ORANTES | CENTRAL PARKING SYSTEM OF VIRGINIA, INC. |
| By: /s/ | By /s/ |
| Nils G. Peterson, Bar No. 295261 | David M. Burns, Bar No. 466167 |
| 2009 North 14th Street, NW | SEYFARTH SHAW LLP |
| Suite 708 | 815 Connecticut Avenue, N.W. |
| Arlington, VA 22201 | Suite 500 |
| 703-527-9900 | Washington, DC 20006 |
| 703-522-1250 (facsimile) | 202-463-2400 |
| | 202-828-5393 (facsimile) |
| Attorney for Plaintiff | Attorneys for Defendant |
| Dated: July 26, 2006 | Dated: July 26, 2006 |

4